IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LEONARD QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 14-2188-JDT-dkv |
| ) | |
| MARK WARD, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On March 13, 2014, Plaintiff Leonard Quinn filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis*[1] (D.E. 3) and issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). (D.E. 5.) Objections to the R&R were due on or before March 31, 2014. *See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections.

Plaintiff, who was involuntarily committed to Western Mental Health Institute ("WMHI") in Bolivar, Tennessee in November 2012, appears to complain because Defendant Ward, a Shelby County Criminal Court Judge, found him incompetent to stand trial. He was sent to the WMHI, and

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

alleges the only way he can get released is "under MOT pretents [sic]."[2] Magistrate Judge Vescovo has recommended the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted. Specifically, she found that the complaint contained no actual allegations against the WMHI and that the complaint was barred by the one-year statute of limitations applicable to actions under 42 U.S.C. § 1983.

Having reviewed the complaint and the law, the Court agrees with Magistrate Judge Vescovo's recommendation.[3] Therefore, the Court ADOPTS the R&R and hereby DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

---

[2] On March 24, 2014, Plaintiff notified the Clerk of a change of address and indicated that he is now at a group home where he will receive mandatory outpatient treatment, or MOT. (D.E. 6.)

[3] The Court also notes that Plaintiff's claims against Defendant Ward are barred by judicial immunity. *See* Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam); DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.